# PD-0347-15

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

MICHAEL WAYNE BOHANNAN

v.

THE STATE OF TEXAS

From Appeal No. 09-13-00090-CR

Trial Cause No. 12-10-10953-CR

Montgomery County

FILED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

PETITIONER'S FIRST MOTION FOR AN EXTENSION OF TIME TO FILE

HIS PETITION FOR DISCIPLINARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Petitioner Michael Bohannan, pro se, and files this motion for an extension of sixty (60) days in which to file his Petition for Discretionary Review. In support thereof, would show the following:

I

On January 22, 2009, Bohannan was ordered to be civilly committed under Chapter 841 of the Texas Health and Safety Code by judge Michael T. Seiler, 435th Judicial District Court of Montgomery County, Texas. On July 22, 2010, the Ninth Supreme Judicial District Court of Appeals reversed that order of commitment and remanded the matter back to the trial court

- 1 -

In re Bohannan, 2010 Tex.App. LEXIS 5737. The State filed an appeal with the Texas Supreme Court who, on August 31, 2012, affirmed the appellate court's reversal and remand. In re Bohannan, 388 S.W.3d 296 (Tex.2012). Nevertheless, Bohannan was convicted on February 14, 2013, of violating the rules/conditions of the very commitment order the state's appellate court had reversed. That conviction was under Cause No. 12-10-10953-CR in the 435th Judicial District of Montgomery County, Texas, with Bohannan receiving a LIFE sentence. Bohannan appealed to the Ninth Supreme Judicial District Court of Appeals in Beaumont. The criminal conviction and LIFE sentence were affirmed on October 29, 2014. Bohannan's pro se motion for rehearing was overruled on January 8, 2015. Bohannan's pro se motion for rehearing en banc was overruled on February 20, 2015. The prison officials delivered the notice of the February 20th order on February 25, 2015. As best Bohannan can calculate, his PDR is due on or before March 23, 2015. Bohannan, because of the impediments/limitations noted below, is unable to meet that March 23, 2015 date, and moves the Court for an extension of time of sixty (60) days.

II

Bohannan understands the Rules of Appellate Procedure to require that he attach copies of the appellate court orders to his PDR. As the Court is no doubt aware, the Texas prison officials do not provide offenders copies of legal documents (though they will provide them copies of grievances, medical records, and visitation lists). Bohannan, on November 25, 2014,

and again on January 23, 2015, wrote the Court Clerk inquiring about his need to provide copies and requesting some instruction as to how prisoners in Texas are complying with the copy rule. On January 26, 2015, (for some reason referencing WR-25,282-24) the Clerk informed Bohannan that "Neither the members of the Court nor its staff may give legal advice concerning your case." The Clerk suggested Bohannan contact his attorney (who he does not have) or State Counsel for Offenders (the entity who told him he did not have to comply with the commitment order he received the LIFE sentence for). Bohannan would inform the Court that he has not yet been able to acquire the required copies but that he does believe he may have found someone who will make them for him in the near future.

III

Handling as many pro se prisoner filings as it does, the Court surely is aware that in 2009 the state's prison officials ceased providing new volumes of Texas Southwestern 3rd, Federal Supplement 2d, Federal Reporter 3d, and Supreme Court Reporters, along with their pocket parts. In 2012, the agency ceased providing any new volumes of West's Texas Digest 2d, or its pocket parts. In that same time period, those officials removed all the Shepard's Citations from the prison law libraries as well. Those officials do not provide trained legal assistance to those they are imprisoning. The offender legal handbook they provide is so outdated it still instructs that an offender is to file his PDR in the appellate court.

- 3 -

The only way Bohannan can now obtain access to current case law, Shepard's citations, and/or current updates to the Digest, is to submit the <u>correct</u> citation(s) (a limit of three per law library session) to the prison officials and they obtain them off a computer which is located in the law library. The official then provides the cite to the offender, at a subsequent session, for the offender to read and return to them that session.

However, the computer's printer at Bohannan's assigned unit (holding around 4,000 offenders) has purportedly been inoperable since mid-January 2015. It was only after six weeks of downtime that some cites were obtained from headquarters in Huntsville, a process that takes around a week. Bohannan has been waiting on a West Digest update since mid-January, for a West Key relevant to this appeal.

IV

Bohannan's appointed appellate attorney promptly notified Bohannan that his duties and responsibilities were over when the appellate court affirmed. Therefore, Bohannan is proceeding pro se from his prison cell.

CONCLUSION

All of the above impediments/limitations have contributed to Bohannan's inability to present his PDR within the time allocated by the Rules of Appellate Procedure. He assures the Court that his delay has in no way been an attempt to delay the process or gain some sort of unfair advantage. he simply needs more time.

WHEREFORE, PREMISES CONSIDERED, Bohannan prays this Honorable Court, in light of the foregoing, grant this motion and extend the deadline for filing the Petition for Discretionary Review of Cause No. 09-13-00090-CR to May 22, 2015.

Respectfully submitted,

Michael W. Bohannan #1841746
9601 Spur 591
Amarillo, Texas 79107-9606
806-381-7080

UNSWORN DECLARATION

I, Michael Bohannan, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that the foregoing facts are true and correct.

Executed on this the 20th day of March, 2015.

Petitioner/Affiant

- 5 -

## CERTIFICATE OF SERVICE AND MAILING

I, Michael Bohannan, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that I have delivered a copy of Petitioner's First Motion For An Extension of Time, to a TDCJ official, first-class postage prepaid, for mailing to:

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

William Delmore, Asst. Dist. Att'y
207 W. Phillips Street
Conroe, Texas 77301

State Prosecuting Attorney
P.O. Box 12405, capitol Station
Austin, Texas 78711-2405

on this the _20th_ day of _March_ , 2015.

_____
Petitioner/Appellant